### BANK OF LOUISVILLE *v.* WILLIAM ATWOOD'S ADM'R.

**Application of Payments—Judgment for Sale of Bank Stock.**

Where a judgment is entered for the sale of bank stock to pay claims held by the bank and the sum derived from the sale is not sufficient to pay all of such claims, and the judgment does not designate where the credits are to be placed by the bank, such credits must be applied pro rata on all such claims as were set up in the petition upon which judgment was rendered.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 13, 1876.

OPINION BY JUDGE LINDSAY:

Robert Atwood was the owner of seventy shares of the capital stock of the Bank of Louisville which he pledged to the Owensboro Savings Bank to secure a loan of $5,000. Atwood became a bankrupt and the savings bank commenced suit against Atwood and the Bank of Louisville to obtain a sale of the stock, and to compel the transfer of the stock to the purchaser.

The Bank of Louisville answered alleging that it held four bills of exchange, three of them for $5,000 each, and the other for $7,500, on all of which Robert Atwood was bound, on the first three as acceptor, and on the last as drawer, and that by the provisions of its charter it had a lien on the stock owned by said Atwood to secure his indebtedness to the bank, and concluding as follows: "Wherefore these defendants (the president, directors and company of the Bank of Louisville) make this answer a cross-petition against the plaintiff (the Owensboro Savings Bank), said Robert Atwood and Stephen E. Jones (his assignee in bankruptcy), and pray priority over the plaintiff, an enforcement of their lien against said shares or certificates of stock owned by said Atwood in their bank, * * * and a sale of said shares or certificates to raise or pay these defendants the amount due these defendants on said bills by said Roberts; and they pray for general relief."

That cause proceeded to judgment on the cross-petition, and it was adjudged that the lien of the Bank of Louisville was superior to that of the savings bank, and the stock was adjudged to be sold to pay the four bills which are described in the judgment with the same particularity with which they were set forth in the cross-petition. The stock was sold and realized the sum of $5,477.28, but no formal order seems to have been made crediting the sum realized on any one or more of the bills.

William Atwood, who was the drawer of two of the $5,000 bills, having died, and the name of the payee and indorser having been forged, the bank presented those bills as claims against the estate of the said William, but the administrator claimed and obtained credits thereon for a pro rata of the amount realized from the sale of Robert Atwood's stock, and from that judgment this appeal is prosecuted.

It is conceded that the parties bound on the bill for $7,500 are all solvent, and that the name of the indorser on the remaining $5,000

bill was forged, and that the indorser remains bound; but whether he is solvent or not does not appear. Under these circumstances the bank claims that inasmuch as no specific application of the proceeds of the sale of the stock was made in the judgment or otherwise, it has a right to elect to which of the bills that sum shall be applied, and now claims to apply it to the $7,500 and $5,000 bills upon which William Atwood is not bound, and this presents the sole question in the case.

We do not deem it necessary to enter at large into the doctrine of the application of payments. The appellant set forth in its cross-petition all the bills, and claimed the benefit of its statutory lien for the security of each of them, and took a judgment to sell for the satisfaction of all. There was but one lien for the security of the several debts; the debts were of equal dignity, and as matter of law each bill was alike secured by the lien; and as the appellant asserted the lien as a security for the payment of all the bills, the court properly treated the proceeds of the sale of the stock as a payment pro rata on all the bills. It may be that the appellant might have elected to enforce its lien for the satisfaction of the bills upon which William Atwood was not bound, and that it might in that case have proved the whole of the bills upon which he was bound against his estate; but it did not elect to pursue that course, but enforced its lien for the payment of all, and must be held to have thereby elected to apply the proceeds of the sale pro rata upon each one. It seems to us that for these reasons the judgment must be *affirmed*.

*Ham Pope, for appellant.*

*Barr, Goodloe & Humphrey, for appellee.*